## 10724

### CUNNINGHAM v. ATLANTIC COAST LUMBER CORPORATION ET AL.

#### (109 S. E. 145)

1. LOGS AND LOGGING—GRANTOR OF TIMBER RIGHTS HELD TO ACQUIESCE IN FIXING REASONABLE TIME FOR REMOVAL OF TIMBER.— Where a contract gave a lumber company 10 years from the beginning of operations in which to cut and remove the timber, and the owner of the land permitted the lumber company to enter and remove timber more than 10 years after the date of the contract, the owner, by so doing, acquiesced in fixing that time as a reasonable time in which to commence to cut and remove the timber.

2. LOGS AND LOGGING—TIMBER CONTRACT CONSTRUED AS TO TIME OF EXPIRATION.—Where a contract provided that a lumber company should have 10 years, beginning from the time of the beginning of the cutting and removing of the timber, in which to cut and remove it, and the company commenced operations 11 years after the date of the contract with the landowner's acquiescence, the company had, as a matter of law, 10 years from such commencement of operations in which to cut and remove the timber.

3. LOGS AND LOGGING—APPLICATION FOR EXTENSION OF TIME NOT A WAIVER OF RIGHTS UNDER TIMBER CONTRACT.—Where a contract for cutting and removing timber provided for an extension on payment of interest, that the company operating under the contract endeavored to procure an extension of time *held* not a waiver of its rights under the contract.

Before PEURIFOY, J., Williamsburg, March, 1921. Affirmed.

Action by J. S. Cunningham against Atlantic Coast Lumber Corporation and Industrial Trust Company to set aside a timber deed and contract, and for injunction. From order dismissing the complaint the plaintiff appeals. The report of R. O. Purdy, Esq., Special Referee, on which the judgment was based, and the exceptions are as follows:

### REPORT OF SPECIAL REFEREE.

On the 26th day of August, 1899, the plaintiff, in consideration of $750, conveyed to Atlantic Coast Lumber

Company all the timber of every kind and description, both standing and fallen, 12 inches stump diameter and upwards, 12 inches from the ground at the time of cutting, on a tract of 919 acres of land in Williamsburg County, in said State, fully described in the deed, with a certain reservation not here involved.

Along with the sale, there was a grant that the purchaser and its successors and assigns should have 10 years, beginning from the time of the beginning of the cutting and removing of the timber, in which to cut and remove it, and, if not then removed, additional time should be had, upon paying 7 per cent. per annum on the purchase price.

Atlantic Coast Lumber Corporation, one of the defendants, afterwards acquired the timber and rights under this deed, and on the 1st day of November, 1910, entered upon the premises and cut at least half, if not more, of the timber.

On the 13th day of September, 1920, the said defendant again entered upon the premises and sought to cut timber from the land which had not been cut over. This was done over the protest of the plaintiff, and after the defendant had endeavored to procure an extension of time from the plaintiff, but had failed in so doing.

This suit was brought to enjoin the defendant from cutting and removing any more of the timber, and for damages. The cause was referred to me, by consent, to take the testimony and determine all of the issues. At the hearing before me a statement of the plaintiff's testimony was submitted in the shape of an affidavit, and was made subject to objections noted. Oral testimony was also offered.

The plaintiff bases his right to prevent the cutting of the timber, in substance, upon the ground that, if the defendant be permitted to cut and take away the timber at this time, it would get a large number of trees which had grown to the stated size after the time of making the contract, and

not contemplated nor included in the estimate of the parties, thereby stripping the lands of large quantities of timber for which no consideration had been paid, that a reasonable time had elapsed for cutting and removing the timber, and that the time had long since expired for the exercise of the rights granted and that it would be inequitable at this time to permit the defendant to re-enter and cut and remove the timber.

A number of cases have recently been passed upon by our Courts, but the principal point involved here has never been passed upon.

The cases already decided were brought in some instances by the owners of the land for the purpose of declaring the rights of the purchasers forfeited, and in other instances were brought by the purchasers of the timber to prevent trespasses by the owners of the land, raising practically the same issues; the objects of the suits in other cases being to ascertain and protect the rights of the parties bringing the suits.

I will not undertake to review and discuss these cases at length.

Commencing with *Flagler v. Lumber Corporation,* 89 S. C. 328, 346, 71 S. E. 855, a well-defined principle is announced and maintained.   Quoting from *Flagler v. Lumber Corporation*: "Suffice it to say that we are of opinion that, both by the inherent reason of the thing, as well as by authority, that the true rule is that wherever it is apparent in a contract that the parties had in view some time for the commencement of the removal of the timber, which intent was not embodied in the terms of the contract, that the law will presume and will enforce that such commencement of the removal of the timber shall be within a reasonable time from the date of the contract."   This principle is reaffirmed in *McClary v. Lumber Corporation,* 90 S. C. at page 163, 72 S. E. 145.

The Court was asked to review these decisions in *Atlantic Coast Lumber Corporation* (one of the defendants here) *v. Litchfield,* 90 S. C. 363, 73 S. E. 182, 728, but declined to disturb the rulings in the other cases. The same doctrine was reaffirmed and enforced in *Minshew v. Lumber Corporation,* 98 S. C. 8, 81 S. E. 1027, and in *Gray v. Lumber Co.,* 102 S. C. 293, 86 S. E. 640.

The difficulty in deciding this case arises from the fact that here a part of the timber has been cut and removed, and then a period of nearly 10 years has elapsed from the time of the commencing of the operation, while in the other cases this state of facts did not exist.

Mr. Justice Watts made a thorough review of the cases in passing upon the issues raised in the Minshew case and used this language (98 S. C. at page 22, 81 S. E. 1032) : "Under contracts of this character, the purchaser has only the right to have a reasonable time to get the fruits of his purchase. He has no right to enjoy by indefinite extension what would practically amount to a perpetuity and deprive the owner of enjoyment of his property. What is a 'reasonable time' depend upon the circumstances of each case and is a question of fact, and no particular rule has yet been laid down to govern cases."

The contention of the plaintiff is, in substance that the defendant should have commenced and completed the removal of the timber within a reasonable time, in order to get the fruits of his purchase, and the question in my mind has been whether it was the duty of the defendant, although not so provided in the contract, that it should go on and continuously cut until it had executed its contract, after having once commenced to cut the timber. Along with the statement in the Minshew case, Mr. Justice Watts also says: "That the grantee must begin the removal of the timber within a reasonable time and it follows as a natural, logical, and irresistible sequence that, upon the failure to

commence the removal within a reasonable time, the estate or interest granted is terminated and the interest granted reverts to the grantor or his privies."

Mr. Justice Hydrick in writing the opinion of the Court in *Gray v. Lumber Co.,* 102 S. C. at page 294, 86 S. E. 641, says: "The Circuit Court found that the failure to commence to cut for nearly 15 years was unreasonable, but, leaning no doubt to the principle of equity against forfeiture, held that the Court should fix the time within which the cutting should have commenced just as if it had in fact been commenced, and thus put in operation the running of the first definite period of 10 years. But the Court must enforce the contract as made and performed by the parties and declare their rights accordingly, and not as they should have made it, or exercised their rights under it. The Court cannot, therefore, fix the time when the cutting should have begun, and add to that the 10 years during which it might have been continued, if it had been begun, and, in addition to that, allow the defendant the option of extending it 10 years longer by the payment of interest."

Had the contract simply been to the effect that the purchaser of the timber should commence to cut it within 10 years, then there would be less difficulty in deciding the question, but the terms of the contract are explicit and provide that the purchaser shall have 10 years after the time of commencing to cut the timber. To hold otherwise would be to change the terms of the contract made by the parties.

There are two things that appear to be plain as conclusions from the decisions referred to. The one is that the purchaser must commence to cut the timber within a reasonable time, and the other is that, if this be done, it will be in operation and running for 10 years' time from that date in which to cut and remove the timber, and the latter conclusion is simply following the terms of the contract.

In this case, I think it is fair to assume that the plaintiff was not advised of the plans of the purchaser or of the extent of its holding at that time, or of its contemplated purpose of adding to these holdings immense quantities of timber.    I think it is fair to assume also that at the time a part of the timber was cut and removed from his land the rights of parties under contracts of this kind were little understood and very uncertain as to their effect; for it was soon after that time that litigation commenced concerning the consideration of contracts made practically at the same time as the making of the contract.

The testimony in this case shows that the defendant had large connected timber interests covering a great many tracts of land, and that its plan of operation was to put a railroad track alongside of these holdings and cut the timber from each of them as it went along, cutting, as was testified to in this case, some distance into the tracts of land and leaving the remainder of the timber to be reached by a track running on the other side of the holdings, and thus removing the remainder of the timber, as was sought to be done in this case.

At the time of the making of this contract these plans were not known to the plaintiff, but it is fair to assume that after the purchase of large bodies of timber by the defendant and extensive operations on other tracts adjacent to or near by the plaintiff was charged with the extent of the holdings of the defendant and its mode of operation, and most likely had constructive notice from the records although such does not appear in this record.

The statement of the plaintiff was read in lieu of his appearance and testifying orally, and certain objections were made to his testimony.    I find that these objections should be sustained, as they state conclusions on his part and in contradiction of his contract; but if the objections were not sustained, and were the testimony to remain as com-

petent, it would not be hurtful to the defendant, for the reason that, if the plaintiff's understanding were to be admitted as testimony, then it would appear that, after understanding that the timber was to be cut and removed before the time that they actually commenced to cut, he waived his right to insist upon his construcion of it, by permitting the defendant afterwards to exercise its rights after, as a matter of fact, more than 10 years had elapsed before the cutting was commenced.

I therefore find, and conclude, as matters of fact:

1    That the plaintiff permitted the defendant lumber corporation to enter upon the land in question and cut and remove a part of the timber under this contract more than 10 years after its date, and thereby acquiesced in fixing that time as a reasonable time in which to commence to cut and remove the timber.

2    (2)    As a matter of law, that the defendant lumber corporation had 10 years from the 1st day of November, 1910, in which to cut and remove the timber from the land not already cut over, and that the injunction should be dissolved and the complaint dismissed.

3    (3)    That under this contract the defendant lumber corporation had until the 1st day of November, 1920, in which to cut and remove the timber, and that it did not waive its right thereto by endeavoring to procure an extension beyond the time.

It has the same number of days of which it was deprived, in which to hereafter cut and remove the timber, but it must exercise its rights with due diligence after the final determination of this case, and what is due diligence must depend on the situation of the defendant at that time.

All of which is respectfully submitted.

### EXCEPTIONS TO REPORT OF REFEREE.

To Messrs. Kelley & Hinds, Attorneys for the Defendant: Take notice that the plaintiff herein excepts to the report of referee in the above stated case, dated the 14th day of February, 1921, on the following grounds, to wit:

I. Because the referee erred in sustaining defendant's objections to plaintiff's testimony as to his understanding at the time the timber contract in question was entered into as to when the timber would be cut and removed, and as to the right of the defendant lumber company to once cut a large portion of the timber, and then some 10 years later re-enter and cut the remainder of the same, in that anything which took place at the time the contract was entered into that goes to show the intention of the parties as to the time of cutting and removal would be competent as evidence.

II. Because the referee erred in sustaining defendant's objections to plaintiff's testimony as to his undertaking at the time the contract was entered into as to what timber he was selling and the lumber company was buying, in that the circumstances surrounding the parties at the time the contract was made can be stated, and any separate agreement or separate understanding apart and not embodied in the written contract, and in no sense a part of the written contract entered into, is competent evidence.

III. Because the referee erred in finding and holding as a matter of law that the defendant lumber company had 10 years from November 1, 1910, in which to cut and remove the timber from the lands not already cut over, and that the injunction should be dissolved and the complaint be dismissed in that: ( a ) This gives the defendant lumber company an unreasonable time in which to cut and remove the said timber without paying anything further for it; (b) in that the defendant lumber company will get timber which has since the date of the contract grown to

be of the size mentioned in the contract as being sold for which he has paid nothing, and was not understood to be sold at the time of making the contract; (c) this would give the defendant lumber company what practically amounts to a perpetuity, as it could, just prior to the termination of the 10 years provided for, pay 7 per cent. on the purchase price of the timber and have such additional time as it desires to cut same, thereby making a further extension of 20 years or more if the same is desired; (d) in that under the laws of this State a lumber company under similar contracts is given only a reasonable time to get the fruits of its purchase and has no right to enjoy the indefinite extension that would amount to a perpetuity, and thereby deprive the owner of the enjoyment of his property.

IV. Because the referee erred in finding that the defendant has the same number of days of which it was deprived in which to hereafter cut and remove the timber, in that a reasonable time within which to cut and remove the same had expired long before the present entry and the date of the issuance of the injunction herein; therefore the defendant's entry was unlawful, and it had no legal right to go upon the premises when the said injunction was issued.

V. Because the referee erred in finding and holding that, under a proper construction of the timber deed in question, the lumber company would have 10 years from its entry, even though that was made more than 11 years after the date of the deed, in that the Courts have held that under similar deeds the lumber company has only a reasonable time to get the fruits of its purchase, and 21 years would be an unreasonable time to give it to cut the timber in this case.

VI. Because the referee erred in finding that, because the defendant company was permitted to go upon the prem-

ises and.cut the timber in the first instance, 1910, that fixed a reasonable time, and that it would have 10 years from the date of that entry in which to remove the remainder of the timber, in that, under a proper construction of the deed, the defendant would have only a reasonable time within which to cut and remove same regardless of the date of its first entry, and that, merely because the plaintiff permitted it to cut in 1910, that would fix a time for the beginning of the 10-year period mentioned in the contract, because more than a reasonable time would expire before the end of the 10-year period.

VII.    Because the referee erred in finding and holding, in substance, that from August 26, 1899, to November 1, 1920, was a reasonable time within which to cut and remove the timber in question, in that this finding is not supported by the evidence.

VIII.    Because the findings of fact and conclusions of law of the referee are not supported by the testimony and the law of the case.

## ORDER.

This matter was called up for a hearing before me in the Court of Common Pleas for Williamsburg County on March 4, 1921, upon the exceptions from the report of the special referee. I did not then have sufficient time to hear argument of counsel upon the exceptions, and it was agreed by and between the attorneys for both parties that the matter should be heard and disposed of at chambers in Manning, S. C. Pursuant to that agreement, I heard argument of counsel for plaintiff and defendants at Manning, S. C., on the 17th day of March, 1921, and, after hearing argument of counsel and taking the matter into consideration, I have reached the conclusion that the report of the special referee herein is correct.

It is therefore ordered, adjudged, and decreed that the said exceptions to the said report of the special referee herein be, and the same hereby are, overruled.

It is further ordered, adjudged, and decreed that the said report of the said special referee herein be, and the same hereby is, in all respects ratified and confirmed and made the judgment of this Court.

It is further ordered, adjudged, and decreed that the injunction heretofore issued herein by his Honor Judge I. W. Bowman, and dated September 21, 1920, be, and the same hereby is, dissolved.

It is further ordered, adjudged, and decreed that the complaint herein be, and the same hereby is, dismissed.

It is further ordered, adjudged, and decreed that the Atlantic Coast Lumber Corporation has the same number of days of which it was deprived in which to hereafter cut and remove the timber owned by it and remaining uncut upon the tract of land described in the complaint herein.

*Mr. J. O. O'Bryan,* for appellant, cites: *Evidence of negotiations at time contract was made is admissible:* 98 S. C. 8; 108 S. C. 108. *Where no definite time is fixed to commence cutting it must be commenced within a reasonable time:* 89 S. C. 328; 90 S. C. 153; 98 S. C. 8; 102 S. C. 289; 108 S. C. 108. *Court has held that 13 and 14 years were unreasonable:* 98 S. C. 8; 102 S. C. 289.

*Messrs. Kelly & Hinds,* for respondents, cite: *Under deed cutting was to commence within a reasonable time, and what was a reasonable time is to be determined by facts and circumstances of the case:* 89 S. C. 328; 90 S. C. 153. *Where construction of contract is rendered doubtful by its language, the interpretation placed on it by the parties is usually controlling:* 89 S. C. 73; 54 S. C. 582; 100 S. C. 1; 105 S. C. 107; 67 S. E. 185. *Where time is essence of contract it may be waived:* 9 Cys. 608; 59 U. S. (L. Ed.) 312; 19 N. W. (Iowa) 312; 32 U. S.

( L. Ed. ) 468; 83 S. E. 857.    Clark Contracts 676.
*Waiver*:    4 Cyc. 252; 48 So. 213 ( Fla. ) ; 49 N. E. 612
( Ind. ) ; 103 N. W. 112 ( Iowa ) ; 68 Atl. 658 ( Me. ) ; 75
N. W. 445 (Mich.) ; 130 S. W. 500 (Mo.) ; 99 S. W. 55
( Mo. ) ; 92 S. W. 355 ( Mo. ) ; 69 Pac. 938 ( Okla. ) ; 148
Fed. 145, 153; 78 C. C. A. 279; 11 Fed. 19, 31; 49 C. C.
A. 216; 96 Fed. 34, .54; 83 Fed. 684, 687; 28 C. C. A.. 9;
82 Fed. 406, 409; 27 C. C. A. 42; 47 L. R. A. 450; 43 S. C.
57.    *Ten years a reasonable time*:    89 S.  C.  343;  90
S. C. 163.    *Cutting need not be continuous*:    80 S. C. 109.

October 10, 1921.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

For the reasons therein assigned, the judgment of the
Circuit Court is affirmed.

MR. JUSTICE WATTS dissenting.